22-6306
Singh v. Garland

BIA
Nelson, IJ
A201 293 026

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand twenty-four.

PRESENT:
> ROBERT D. SACK,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

PARMINDER SINGH,
> *Petitioner,*

v.                                                        **22-6306**
                                                         **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Jaspreet Kaur Narang, New York, NY.

**FOR RESPONDENT:**    Brian Boynton, Principal Deputy Assistant Attorney General; Russell J. E. Verby, Senior Litigation Counsel; John D. Williams, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Parminder Singh, a native and citizen of India, seeks review of a June 1, 2022, decision of the BIA affirming an April 18, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Parminder Singh*, No. A 201 293 026 (B.I.A. June 1, 2022), *aff'g* No. A 201 293 026 (Immig. Ct. N.Y. City Apr. 18, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., considering only the adverse credibility determination, not the IJ's alternative rulings that the BIA declined to reach. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's "legal conclusions *de novo*, and its factual findings, including adverse credibility determinations, under the substantial

evidence standard." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (quotation marks omitted). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). Substantial evidence supports the agency's determination that Singh was not credible as to his claim that he was attacked by opposing party members because of his work for the Shiromini Akali

3

Dal (A) or Mann Party.

First, Singh inconsistently testified to the dates of his attack and departure from India. In his application, he stated that he left India after a January 2011 attack, but his testimony was both inconsistent with that statement and internally inconsistent: he testified that he left after the 2011 attack, but also testified twice that he left India in 2010. He does not explain this inconsistency other than to say that it was a trivial misstatement, and that the totality of circumstances supports the proposition that he left in 2011. This inconsistency, though, is not trivial, as it calls into question his stated reason for leaving India—an attack in 2011. His explanation that it was simply a misstatement, even if plausible, does not compel a conclusion that the agency erred. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Second, the agency reasonably relied on the fact that Singh was evasive and withheld details of his injuries and hospitalization. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). "A fact finder may understandably find detailed testimony

4

more convincing than vague testimony." *Shunfu Li v. Mukasey*, 529 F.3d 141, 147–48 (2d Cir. 2008). And vague testimony can support an adverse credibility determination if "government counsel or the IJ first attempts to solicit more detail from the alien." *Id.* Here, both government counsel and the IJ attempted to solicit more detail regarding Singh's hospitalization and injuries, but Singh could only repeat that he had "internal injuries." Accordingly, his lack of detail about the injuries purportedly requiring a 10-day hospitalization supports the adverse credibility determination. *Id.*

Singh's inconsistency regarding the date of his attack and his departure from India, coupled with his vagueness concerning his hospitalization, provide substantial evidence for the adverse credibility determination because those issues call into question the basis of his claim – whether he was attacked and hospitalized in 2011. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same facts. *See Hong Fei Gao*, 891 F.3d at 76.

5

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court